UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KYLE GOLDSMITH, The People of the Republic of the Republic State of South Dakota ex rel., relator for Charles Goldsmith, | ) ) ) ) | Civ. 11-4181-KES |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO VACATE ORDER DISMISSING CASE |
| vs. | ) ) | |
| ROBERT DOOLEY, Warden at Mike Durfee State Prison; JENNIFER STANWICK, Associate Warden at Mike Durfee State Prison; SUE JACOB, Associate Warden at Mike Durfee State Prison; and JOHN DOE, The New Staff Attorney at Mike Durfee State Prison, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Charles Kyle Goldsmith, moves to vacate this court's order dismissing his case. Goldsmith is incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Goldsmith filed a pro se civil rights action under 42 U.S.C. § 1983 in which he asserted that his right of access to the courts was violated by prison policies regarding the law library. This court dismissed Goldsmith's pro se complaint on January 20, 2012, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The court ordered Mike Durfee State Prison to collect the court's filing fee installments whenever the amount in Goldsmith's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month to be forwarded to the United States District Court Clerk's

office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full. Goldsmith now contends that this order was improper.

## DISCUSSION

Goldsmith categorized his motion as a motion to "vacate" this court's order, but did not identify the rule under which he moves to vacate the order. When the moving party fails to specify the rule under which it makes a post-judgment motion, that party leaves the characterization of the motion to the court. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Federal courts have construed this type of motion as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). A Rule 59(e) motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This court dismissed Goldsmith's complaint on January 20, 2012. Goldsmith did not file his motion to vacate until March 23, 2012, well beyond the 28-day threshold. Thus, his motion is untimely under Rule 59(e). Rule 60(b) motions, conversely, "must be made within a reasonable time" or if based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud by an opposing party, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Thus, Goldsmith's motion is timely under Rule 60(b) and this court will consider Goldsmith's motion to vacate as a motion for relief from judgment under Rule 60(b).

2

Rule 60(b) provides that a court may relieve a party from a final judgment and reopen his case for the following reasons:

    (1)     mistake, inadvertence, surprise, or excusable neglect;

    (2)     newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)     the judgment is void;

    (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Goldsmith claims that he has "obtained legal evidence from an attorney by the name of, Dr. Edward Rivera from California, who disclosed to me that the U.S. District Court of South Dakota has never been ordained or established under Article III of the U.S. Constitution. Therefore the Justice who goes by the name, KAREN E. SCHREIER, is Not an Article III Justice. Yet issued an Order in Case No. 11-4181-KES." Docket 15. Goldsmith also asserts that because Judge Schreier failed to answer a letter he sent to her on February 17, 2012, within 10 days, she has admitted to each question under Rule 8(b)(6) of the Federal Rules of Civil Procedure. *Id.* Goldsmith argues that because of this "evidence," this court does not have the right to collect any payment from him pursuant to 28 U.S.C. § 1915(b)(2). *Id.* Thus, it appears that Goldsmith may be

arguing that the judgment is void and the court will analyze his motion under Rule 60(b)(4) and under the catch-all exception contained in Rule 60(b)(6).

A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure* § 2862 (2d ed. 2012). Goldsmith does not contend that this court acted in a manner inconsistent with due process of law. Rather, he contends that Judge Schreier is not an Article III Judge and, therefore, she lacked the power to dismiss the case. Judge Schreier has been confirmed by the U.S. Senate, and President William Jefferson Clinton signed her commission. Goldsmith's unsupported arguments that this court and Judge Schreier are not "established and ordained" under Article III of the United States Constitution do not justify relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure

Nor does the catch-all provision of Rule 60(b) justify relief. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.' " *In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to

4

potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Although Goldsmith's complaint was dismissed pursuant to the "screening" procedures for prisoner complaints contained in 28 U.S.C. § 1915(e)(2), exceptional circumstances did not deprive Goldsmith of a full and fair opportunity to litigate his claim. Therefore, it is

ORDERED that Goldsmith's motion to vacate (Docket 15) is denied pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.

Dated April 27, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

5