UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KYLE GOLDSMITH, The People of the Republic of the Republic State of South Dakota ex. rel., relator for Charles Goldsmith; | ) ) ) ) | Civ. 11-4181-KES |
| | ) | |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR A WRIT OF QUO WARRANTO |
| | ) | |
| vs. | ) ) | |
| ROBERT DOOLEY, Warden at Mike Durfee State Prison; JENNIFER STANWICK, Associate Warden at Mike Durfee State Prison; SUE JACOB, Associate Warden at Mike Durfee State Prison; JOHN DOE, The New Staff Attorney at Mike Durfee State Prison; | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Charles Kyle Goldsmith, moves for a writ of quo warranto. This court dismissed Goldsmith's case on January 20, 2012, and denied Goldsmith's motion to vacate the order dismissing his case on April 27, 2012.

Quo warranto is the prerogative writ by which the government can call upon any person to show by what warrant he or she holds a public office or exercises a public franchise. *Newman v. United States of America ex. rel. Frizzell*, 238 U.S. 537, 544-45 (1915). "Quo warranto is traditionally brought by the sovereign or some representative of the sovereign." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000). "Quo warranto is

similar to an injunction in that it is addressed to preventing a continued exercise of authority unlawfully asserted[.]" 8 Fed. Proc. § 20:679 (updated 2012). Thus, quo warranto may not be instituted by an individual in the absence of statutory permission. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) ("[Quo warranto] is an extraordinary proceeding, prerogative in nature, and in this instance could have been brought by the United States, and by it only, for there is no statute delegating to an individual the right to resort to it.").

Goldsmith bases his motion on Rule 81(a)(2) of the Federal Rules of Civil Procedure, "Title 28, sec 134; and U.S. Constitution Article III, sec. 1; Article I, sec. 10, clause 1." Rule 81(a)(2) of the Federal Rules of Civil Procedure provides that the Federal Rules of Civil Procedure apply to bankruptcy proceedings "to the extent provided by the Federal Rules of Bankruptcy Procedure." Title 28, section 134 provides that United States district judges "shall hold office during good behavior" and specify where a federal district judge may reside. Article III, section 1 of the United States Constitution provides:

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services a Compensation which shall not be diminished during their Continuance in Office.

U.S. Const. art. III, § 1. Article I, section 10, clause 1 provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. Const. art. I., § 10, cl. 1. None of the authorities Goldsmith cites permit him to seek a writ of quo warranto as an individual. Thus, his motion is denied.

The court reminds Goldsmith that it dismissed his complaint on January 20, 2012. If Goldsmith is unhappy with the resolution of his case, his remedy is an appeal to the Eighth Circuit Court of Appeals. Therefore, it is

ORDERED that Goldsmith's motion for a writ of quo warranto (Docket 17) is denied.

Dated May 29, 2012.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE